# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LINDA L. RISLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-093-FHS-SPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The claimant Linda L. Risley requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on March 27, 1961, and was forty-seven years old at the time of the administrative hearing. She has a GED and is certified as a nurse's aide. She has worked as a home health provider and as a certified nurse's aide (Tr. 160). The claimant alleges that she has been unable to work since February 1, 2006 because of blackout spells, high blood pressure, diabetes, obesity and chest pains (Tr. 138).

## Procedural History

On May 24, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Lantz McClain conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated August 7, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of sedentary work, *i. e.*, she could lift/carry up to 10 pounds, and walk/stand for at least 2 hours in an 8-hour workday with regular breaks, and sit at least 6 hours (Tr. 16). The

ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled under Rule 201.28 of the Medical-Vocational Rules (the "grids"). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.28. On review, the Appeals Council noted that the ALJ failed to make findings regarding the claimant's disability according to the grids beginning at age 45 (Rule 201.28 of the grids applies to individuals ages 18-44), and modified the ALJ decision to reflect that the claimant was disabled as of age 45 according to Rule 201.21 of the grids.

**Review**

The claimant contends that the ALJ erred by conclusively applying the grids to determine that she was disabled, *i. e.*, that she had non-exertional impairments of obesity and depression (which would prevent conclusive application of the grids), which the ALJ failed to properly consider. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly consider the claimant's depression, and that the decision of the Commissioner should therefore be reversed.

The grids are a set of rules promulgated by the Commissioner for determining disability at step five based on the claimant's RFC category, age, education, and work experience. *Channel v. Heckler*, 747 F.2d 577, 579-80 (10th Cir. 1984). "[A]n ALJ may not rely conclusively on the grids unless he finds (1) that the claimant has no significant non-exertional impairment, (2) that the claimant can do the full range of work at some RFC level on a daily basis, and (3) that the claimant can perform most of the jobs in that RFC level." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Conclusive

use of the grids is thus inappropriate when the claimant has a non-exertional impairment, unless the ALJ can support a finding that the non-exertional impairment is insignificant. *Id*. at 1490-91; s*ee also* 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(e). Further, it is error to apply the grids if the ALJ does not properly evaluate the claimant's impairments at step four. *Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004) (noting that when the ALJ does not properly evaluate the claimant's impairments at step four, it is error for him to apply the grids at step five).

The claimant's medical records indicate that she has a long history of complaints about depression (Tr. 187, 190, 194, 203, 208, 214, 218, 219, 220, 231). She took Prozac for depressive symptoms at least as early as August 2004, and was evidently treated with medication even before then, as her records indicate refills of depression medication prior to that time (Tr. 192). Further, the claimant underwent a mental health evaluation by Dr. Diane Brandmiller, who assigned her a Global Assessment of Function (GAF) score of 58 (Tr. 330). The ALJ discussed some of this evidence at step two and found that the claimant was mildly limited in certain areas of functioning, but ultimately concluded that her depression was not severe (Tr. 15). The ALJ did not otherwise mention these mental limitations or the claimant's depression anywhere in his opinion.

The ALJ's step two determination that the claimant's depression was not a severe impairment did not obviate the need to consider the impairment in formulating an RFC at step four, as the claimant suffered from other impairments that clearly *were* severe, *e. g.*, diabetes, hypertension, obesity and degenerative disk and joint disease (Tr. 18). *See Hill*

*v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean that the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'"). Thus, the ALJ should have considered the claimant's mental limitations in formulating her RFC. The ALJ claimed to have "translated [the limitations] into work-related functions in the residual functional capacity assessment" in his *step two* discussion (Tr. 15), but step four is silent on this point and the claimant's RFC includes no identifiable mental limitations. It is thus impossible to determine if the ALJ considered effects of the claimant's depression in determining her RFC.

The ALJ's failure to specifically account for the claimant's mental limitations (or any other non-exertional limitation) in formulating her RFC is a significant oversight in a case decided conclusively on the grids, as "[u]se of the grids is inappropriate when a claimant has a nonexertional impairment, unless the ALJ can support a finding that the nonexertional impairment is insignificant." *Thompson v. Sullivan*, 987 F.2d 1482, 1490-91 (10th Cir. 1993). *See also* 20 C.F.R., pt. 404, Subpt. P, App. 2, § 200.00(e). While the ALJ's determination that the claimant suffered from only mild functional limitations might arguably equate to a finding that her depression was insignificant, the Court may not make this finding for the ALJ, *see, e. g., Drapeau v. Massanari,* 255 F.3d 1211, 1214

(10th Cir. 2001) (A reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991); *see also Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."), *citing Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."), and in any event such a finding would seem to be at odds with the ALJ's claim to have "translated [the limitations] into work-related functions in the residual functional capacity assessment" (Tr. 15). The ALJ thus erred by relying conclusively upon the grids to determine that the claimant was disabled.

Because the ALJ failed to properly account for the claimant's depression in determining her RFC, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded for analysis by the ALJ. If such analysis results in any modification of the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether she is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of

the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**